# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# JOHNSTOWN DIVISION

| | |
|---|---|
| ZIPPORAH NAJAR )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF JOHNSTOWN )<br>)<br>**Serve: City of Johnstown** )<br>    **401 Main St Ste 103** )<br>    **Johnstown PA 15901** )<br>)<br>and )<br>)<br>JOHNSTOWN REDEVELOPMENT )<br>AUTHORITY )<br>)<br>**Serve: Johnstown Redevelopment Authority** )<br>    **416 Main St** )<br>    **Johnstown, PA  15901** )<br>)<br>and )<br>)<br>G&R EXCAVATING AND DEMOLITION )<br>SERVICES, INC. )<br>)<br>**Serve: G&R Excavating and Demolition** )<br>    **Services, Inc.** )<br>    **900 Pennsylvania Ave** )<br>    **Tyrone, PA 15901** )<br>)<br>Defendants. ) | Civil Action No. 3:23-cv-27<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Zipporah Najar, by and through her undersigned counsel, files this Complaint against Defendants City of Johnstown, Johnstown Redevelopment Authority and G&R Excavating and Demolition Services, Inc., (collectively "Defendants") and states as follows:

## INTRODUCTION

1. This is an action for substantive and procedural due process violations, civil rights violations, trespass, conversion, negligence, and vicarious liability. This case arises from the improper demolition of a warehouse building on Plaintiff's property that was effectuated by Defendants without reason, notice, or any warning thereof.

## PARTIES

2. Zipporah Najar ("Plaintiff") is a Pennsylvania resident who owns real property located at 103 Adams Street, Johnstown, Pennsylvania 15901.

3. Defendant City of Johnstown ("Johnstown") is a Municipal Corporation organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business at 401 Main Street, Johnstown PA, 15901.

4. Defendant Johnstown Redevelopment Authority ("JRA") was incorporated by Johnstown under the Urban Redevelopment Authorities Act of 1945. JRA is an urban redevelopment authority created in 1949 with an office and principal place of operation at 416 Main Street Suite 200, Johnstown PA, 15901.

5. Defendant G&R Excavating and Demolition Services, Inc. ("G&R") is a Pennsylvania corporation organized and existing under the laws of the Commonwealth of Pennsylvania with offices and principal place of business at 900 Pennsylvania Ave, Tyrone, Pennsylvania 16686.

## JURISDICTION AND VENUE

6. This action arises under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, under federal statutes 42 U.S.C. §§ 1983 and 1988, and under state laws.

7. This Court has personal jurisdiction over Defendants because each is domiciled or headquartered in the Western District of Pennsylvania.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

9. Venue is proper in the United States District Court for the Western District of Pennsylvania, Johnstown Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Cambria County, Pennsylvania, and the property that is the subject of this action is situated in Cambria County, Pennsylvania.

## FACTUAL AVERMENTS

10. On or about November 13, 2020, Plaintiff purchased property located at 103 Adams Street in the City of Johnstown, Pennsylvania at a judicial sale held in the Cambria County Courthouse (the "Property" or "Plaintiff's Property"). A deed to the Property is attached hereto as **Exhibit 1.** At the time of purchase, the Property consisted of a warehouse building of approximately 4000 sq. ft. (the "Warehouse").

11. As part of the judicial sale, all outstanding and/or delinquent taxes due and owing were satisfied.

12. Following the judicial sale, Plaintiff occupied and paid property taxes on the Property. Specifically, Plaintiff used the Warehouse as the base for Resource Center for Commission to the Cities, a faith-based Christian ministry which she founded.

13. Plaintiff, through donations, grants, and personal expenditure, bought and received thousands of books, gifts and toys which she stored in the Warehouse.

14. Plaintiff used the Warehouse to both store books, gifts, toys and supplies, and to host events to distribute them free of cost to the public. Plaintiff hosted three events on the Property prior to the demolition of the Warehouse.

15. The first two events, titled Summer Book Giveaways, were host on June 4, 2021 and July 16-17, 2021.

16. The third and last event prior to the demolition of the Warehouse was on December 12, 2021, when Plaintiff distributed books and toys to local children and families for the Christmas holiday.

17. Prior to the December 12, 2021 distribution event, Plaintiff posted several handbills on the Property announcing the event to the public.

18. Following the distribution event, Plaintiff traveled to New York and stayed there until she returned to Johnstown on March 10, 2022.

19. Plaintiff stored all leftover books, gifts, toys and other supplies and equipment in the Warehouse upon her departure to New York.

20. In or around February 2022, Defendants demolished the Warehouse. Defendants did so without cause, legal predicate, justification, notice or warning to Plaintiff.

21. Plaintiff returned to Johnstown on March 10, 2022, and, to her surprise, the Warehouse was demolished, the debris of the demolition removed, and the contents of the Warehouse were nowhere to be found.

22. Plaintiff contacted Mr. John Dubnansky, Community and Economic Development Director at City of Johnstown in search of information regarding the demolition of the Warehouse.

23. Mr. Dubnansky informed Plaintiff that: (1) her building was demolished sometime in February of 2022 under the auspices of the Johnstown Redevelopment Authority; (2) the

workers who handled the demolition were no longer with the agency; and (3) that the records supporting the demolition were "stored in the attic."

24. Mr. Dubnansky gave no explanation as to why the Warehouse was demolished and provided no documentation to Plaintiff as to the demolition or any notice thereof.

25. Thereafter, Plaintiff's attorneys submitted a Pennsylvania Right-to-Know Act request to collect information from the City of Johnstown.

26. Upon information and belief, JRA contracted the services of G&R for certain demolition services.

27. Upon information and belief, on January 13, 2022, G&R applied for a building permit to completely demolish certain commercial building(s) on behalf of JRA. The site address listed on the application was 111 Adams Street, Johnstown, PA.

28. Upon information and belief, on January 13, 2022, the same day G&R submitted its application for a building permit, G&R obtained a demolition permit from the City of Johnstown. The demolition permit was for the demolition of property located at 105-111 Adams Street.

29. Upon information and belief, G&R demolished the Warehouse sometime in February of 2022 under the auspices of JRA acting in concert with City of Johnstown.

30. Despite having purchased the Property at a judicial sale over a year before, and having paid taxes thereon, Plaintiff received no notice or warning prior to or subsequent to the demolition of the Warehouse.

31. Prior to the demolition of the Warehouse, Defendants failed to serve notice upon Plaintiff that the Warehouse was to be demolished or that the Warehouse was adjacent to other property to be demolished.

32. Defendants' actions destroyed Plaintiff's entire inventory stored at the Warehouse, including equipment, thousands of books, gifts, toys and supplies.

33. Defendants' actions have severely limited Plaintiff's ability to receive, store and distribute donations. In fact, Plaintiff has not hosted any distribution events on the Property since December 12, 2021 due to the demolition of the Warehouse and the inventory within.

34. Defendants failed and/or refused to both acknowledge or apologize to Plaintiff for the improper demolition of the Warehouse, or explain the circumstances of the demolition of the Warehouse, forcing Plaintiff to hire legal counsel.

35. Upon information and belief, City of Johnstown, through its agent John Dubnansky, sought to conceal information from Plaintiff.

36. Defendants' actions were intentionally willful, wanton, reckless and grossly negligent.

## CAUSES OF ACTION

### COUNT I: INVERSE CONDEMNATION
### Plaintiff vs. City of Johnstown and JRA

37. Plaintiff incorporates the averments of the foregoing paragraphs as if fully set forth at length herein.

38. Defendants City of Johnstown and JRA, acting on behalf of City of Johnstown, have the power and authority to condemn land under its eminent domain procedures.

39. The conduct of City of Johnstown and JRA created circumstances which ultimately resulted in substantially depriving Plaintiff of her use and enjoyment of the Property.

40. Plaintiff sustained damages which were the immediate and unavoidable consequence of the exercise of eminent domain power by Defendants City of Johnstown and JRA.

41.     As a result of City of Johnstown and JRA's inverse condemnation causing a defacto taking of Plaintiff's Property, Plaintiff is entitled to damages consisting of Plaintiff's cost in rebuilding the Warehouse, the fair market value for the Warehouse at the time of the demolition, damages sustained as a result of the demolition including the destruction of inventory stored within the Warehouse plus costs, attorney's fees, and punitive damages.

WHEREFORE, Plaintiff, Zipporah Najar, demands judgment in her favor and against Defendants, City of Johnstown and Johnstown Redevelopment Authority for money damages including but not limited to the cost to rebuild the Warehouse, the fair market value of the Warehouse at the time of the demolition, money damages for the contents of the Warehouse, plus costs, attorney's fees, punitive damages, and such other and further relief as the Court deems just and equitable.

### COUNT II: VIOLATION OF FIFTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION
**Plaintiff v. City of Johnstown and JRA**

42.     Plaintiff incorporates the averments of the foregoing paragraphs as if fully set forth at length herein.

43.     Pursuant to 35 Pa. Stat. Ann. § 1709, "an Authority shall constitute a public body, corporate and politic, exercising public powers of the Commonwealth as an agency thereof . . ." The JRA is an Authority and an agent of City of Johnstown. Accordingly, JRA and City of Johnstown are state actors (the "State Defendants") subject to the Fifth and Fourteenth Amendments.

44.     The State Defendants' wrongful demolition of the Warehouse did not afford Plaintiff a meaningful judicial mechanism with which to protect her property, and deprived

Plaintiff of notice and an opportunity to be heard prior to its taking, in direct violation of the Fifth Amendment.

45. The State Defendants exercised their police powers to demolish property located at 105-111 Adams Street. The State Defendants, however, owed a duty to neighboring landowners, including Plaintiff, to protect her Property when undertaking any such demolition.

46. The State Defendants' actions resulting in the demolition of the Warehouse were reckless and careless, and amounted to an unlawful taking of Plaintiff's Property.

47. Under the Fourteenth Amendment, a state may not deprive a citizen of property without first affording the property owner due process of law.

48. The State Defendants' wrongful demolition of the Warehouse was unreasonable and violated the Fifth and Fourteenth Amendments to the United States Constitution, which forbids the taking of property without just compensation and the due process of law.

49. Additionally, under the facts presented, the State Defendants violated the Fifth and Fourteenth Amendments by failing to provide notice and an opportunity to be heard regarding the taking of the Warehouse.

WHEREFORE, Plaintiff, Zipporah Najar, demands judgment in her favor and against Defendants, City of Johnstown and Johnstown Redevelopment Authority for money damages including but not limited to the cost to rebuild the Warehouse, the fair market value of the Warehouse at the time of the demolition, money damages for the contents of the Warehouse, plus costs, attorney's fees, punitive damages, and such other and further relief as the Court deems just and equitable.

### COUNT III: VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION
**Plaintiff vs. City of Johnstown and JRA**

50. Plaintiff incorporates the averments of the foregoing paragraphs as if fully set forth at length herein.

51. Defendants City of Johnstown and JRA ("State Defendants") are state actors subject to the Fourth and Fourteenth Amendments.

52. The Fourth Amendment guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable seizures.

53. State Defendants entered upon Plaintiff's Property and demolished Plaintiff's Warehouse without cause, without a warrant, and without due process of law.

54. State Defendants' wrongful entry unto the Property and demolition of the Warehouse resulted in an unreasonable seizure of Plaintiff's Property, both real and personal.

WHEREFORE, Plaintiff, Zipporah Najar, demands judgment in her favor and against Defendants, City of Johnstown and Johnstown Redevelopment Authority for money damages including but not limited to the cost to rebuild the Warehouse, the fair market value of the Warehouse at the time of the demolition, money damages for the contents of the Warehouse, plus costs, attorney's fees, punitive damages, and such other and further relief as the Court deems just and equitable.

### COUNT IV: Violation of 42 U.S.C. § 1983
### Plaintiff vs. City of Johnstown and JRA

55. Plaintiff incorporates the averments of the foregoing paragraphs as if fully set forth at length herein.

56. 42 U.S.C. §1983 provides in pertinent part ""[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."

57. City of Johnstown and JRA ("State Defendants") are state actors subject to the Fourth, Fifth and Fourteenth Amendments.

58. In violation of 42 U.S.C. § 1983, State Defendants acted under the color of law to deprive Plaintiff of her Constitutional rights as set forth more fully in the allegations above.

59. State Defendants, whether by deliberate indifference, negligence, or tacit acquiescence, deprived Plaintiff of her rights to her Property by demolishing the Warehouse without just cause, notice or any warnings thereof.

60. Plaintiff is entitled to compensation in an amount to be determined at trial.

WHEREFORE, Plaintiff, Zipporah Najar, demands judgment in her favor and against Defendants, City of Johnstown and Johnstown Redevelopment Authority for money damages including but not limited to the cost to rebuild the Warehouse, the fair market value of the Warehouse at the time of the demolition, money damages for the contents within the Warehouse, plus costs, attorney's fees, punitive damages, and such other and further relief as the Court deems just and equitable.

## COUNT V: TRESPASS TO PROPERTY
**Plaintiff vs. All Defendants**

61. Plaintiff incorporates the averments of the foregoing paragraphs as if fully set forth at length herein.

62. Defendants, without license or privilege, willfully entered upon Plaintiff's Property and demolished the Warehouse.

63. As a result, Plaintiff has suffered damages and is entitled to compensation in an amount to be determined at trial.

WHEREFORE, Plaintiff, Zipporah Najar, demands judgment in her favor and against Defendants, City of Johnstown, Johnstown Redevelopment Authority and G&R Excavating and Demolition Services, Inc., for money damages including but not limited to the cost to rebuild the Warehouse, the fair market value of the Warehouse at the time of the demolition, money damages for the contents within the Warehouse, plus costs, attorney's fees, punitive damages, and such other and further relief as the Court deems just and equitable.

### COUNT VI: TRESPASS TO CHATTELS
**Plaintiff vs. All Defendants**

64. Plaintiff incorporates the averments of the foregoing paragraphs as if fully set forth at length herein.

65. Defendants, without license or privilege, willfully entered upon Plaintiff's Property and into Plaintiff's Warehouse and demolished the Warehouse and with it, all contents stored within the Warehouse.

66. As a result, Plaintiff has suffered damages and is entitled to compensation in an amount to be determined at trial.

WHEREFORE, Plaintiff, Zipporah Najar, demands judgment in her favor and against Defendants, City of Johnstown, Johnstown Redevelopment Authority and G&R Excavating and Demolition Services, Inc., for money damages including but not limited to the cost to rebuild the Warehouse, the fair market value of the Warehouse at the time of the demolition, money damages for the contents within the Warehouse, plus costs, attorney's fees, punitive damages, and such other and further relief as the Court deems just and equitable.

### COUNT VII: CONVERSION
**Plaintiff vs. All Defendants**

67. Plaintiff incorporates the averments of the foregoing paragraphs as if fully set forth at length herein.

68. Defendants destroyed Plaintiff's property, including the Warehouse and the contents stored within.

69. Defendants unlawfully deprived Plaintiff of her right of property in, and use or possession of her Warehouse, and all the contents stored within, without Plaintiff's consent or lawful justification.

70. Plaintiff demands judgment against Defendants for the replacement value of the Warehouse and all contents stored within the Warehouse prior to its demolition.

## COUNT VIII: NEGLIGENT DEMOLITION
### Plaintiff vs. G&R

71. Plaintiff incorporates the averments of the foregoing paragraphs as if fully set forth at length herein.

72. G&R had a duty to verify the ownership of the properties it entered upon and the identity of any structures it sought to demolish.

73. G&R had a duty to preserve and protect neighboring buildings when conducting its demolition services.

74. G&R breached the aforesaid duties by not taking action to determine the proper buildings to demolish and failing to preserve Plaintiff's Property by tearing down the Warehouse.

75. G&R willfully, recklessly, or negligently failed to properly investigate the ownership of the Property and Warehouse.

76. As a result of the negligent, reckless, and/or intentional acts of G&R, Plaintiff sustained and continues to suffer damages.

77. The negligence, carelessness and recklessness of G&R consists of, inter alia, the following:

a. Failure to identify that the Warehouse was not within the scope of a lawful demolition order issued by the State Defendants;

b. Failure to preserve and protect the Warehouse while conducting operations;

c. Failure to work within the scope of the demolition permit;

d. Demolishing the Warehouse without a valid demolition permit to do the same;

e. Failure to take adequate steps in notifying Plaintiff of the pending demolition;

f. Demolishing the Warehouse without proper inspection;

g. Failure to preserve and protect the contents of the Warehouse; and

h. Failure to notify Plaintiff post demolition of the Warehouse.

WHEREFORE, Plaintiff, Zipporah Najar, demands judgment in her favor and against Defendant G&R Excavating and Demolition Services, Inc., for money damages including but not limited to the cost to rebuild the Warehouse, the fair market value of the Warehouse at the time of the demolition, money damages for the contents of the Warehouse, plus costs, attorney's fees, punitive damages, and such other and further relief as the Court deems just and equitable.

### COUNT IX: VICARIOUS LIABILITY
**Plaintiff vs. City of Johnstown and JRA**

78. Plaintiff incorporates the averments of the foregoing paragraphs as if fully set forth at length herein.

79. Upon information and belief, JRA, acting on behalf of City of Johnstown, contracted G&R to perform demolition services along Adams Street in the City of Johnstown (the "Contracted Work").

80. Upon information and belief, the Property and the Warehouse were not identified within the demolition permit.

81. G&R demolished the Warehouse while completing the Contracted Work.

82. G&R acted negligently, recklessly, willfully and wantonly when it entered the Property and demolished the Warehouse.

83. JRA and City of Johnstown, by deliberate indifference or purposeful acquiescence, failed to properly supervise G&R while completing the Contracted Work.

84. JRA and City of Johnstown are liable for the consequences of the demolition effectuated by G&R.

WHEREFORE, Plaintiff requests an Order of this Court, entering judgment:

1. Awarding Plaintiff just compensation for the Warehouse at full replacement value;

2. Awarding Plaintiff just compensation for all contents stored within the Warehouse at the time of demolition;

3. Awarding Plaintiff punitive damages in an amount to be proven at trial; and

4. Awarding Plaintiff her costs and disbursements incurred in this matter to the fullest extent permissible at law, including an award of reasonable attorney's fees, which in addition to any other permissible grounds is proper under 42 U.S.C. § 1988.

### **Jury Demand**

Plaintiff hereby requests a jury trial.

Respectfully submitted,

Date: February 13, 2023         /s/ Kevin L. Colosimo
                                Kevin L. Colosimo, (80191)
                                Keymo A. Hoshing, (330944)
                                FROST BROWN TODD LLC
                                Union Trust Building

501 Grant Street, Suite 800
Pittsburgh, PA 15219
Telephone:	(412) 513-4300
Facsimile:	(412) 513-4299
Email:	kcolosimo@fbtlaw.com
	khoshing@fbtlaw.com

Attorneys for Plaintiff,
*Zipporah Najar*

**JURY TRIAL DEMANDED**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this <u>13th</u> day of February, 2023, I have served a copy of the within **COMPLAINT** by first-class United States mail, upon the following:

Frank J. Janakovic
Mayor of the City of Johnstown
401 Main St Ste 103
Johnstown PA 15901

Melissa Komar
Executive Director of Johnstown Redevelopment Authority
106 Iron St.
Johnstown, PA 15906

G&R Excavating and Demolition Services, Inc.
900 Pennsylvania Ave
Tyron, PA 16686

<u>/s/ Kevin L. Colosimo</u>_____
Kevin L. Colosimo