IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZIPPORAH NAJAR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 23-00027 |
| | ) | Judge Nora Barry Fischer |
| v. | ) | Magistrate Judge Kezia O. L. Taylor |
| | ) | |
| CITY OF JOHNSTOWN, *et al*., | ) | ECF Nos. 60 and 65 |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Court, having completed independent review of this action and considered the Report and Recommendation ("R&R") filed by United States Magistrate Judge Kezia O. L. Taylor on May 14, 2025, (Docket No. 91), all as set forth in its Order below, notes in adopting said R&R as follows:

In Objections to the R&R addressing her remaining claims, Plaintiff again asserts that Defendant City's liability under Section 1983 arises (a) from its "custom" of routinely failing to issue demolition notices required by Act 90 and/or (b) through non-Defendant John Dubnansky, Community and Economic Development Director of the City, as Defendant's "effective[]" municipal policymaker. (Docket No. 99 at 2-4). In its Brief in Opposition, Defendant in turn asserts that Plaintiff has failed to meet her burden to show (a) an unconstitutional policy or custom or (b) a causal link to the alleged violation/injury. (Docket No. 105 at 5-6).

1

The Court concurs with the analysis provided in the R&R concluding that as "Plaintiff has failed to prove the existence of a policy or custom that was the proximate cause of her alleged deprivation of rights, the City is entitled to judgment in its favor." (Docket No. 91 at 6).[1] It observes in particular that Plaintiff's citation to the City's failure to issue notices as to the demotion at issue and on one other occasion in 2016 do not suffice to evidence a "custom", *i.e.* "a course of conduct . . . so permanent and well-settled as to virtually constitute law." (Docket No. 99 at 2; Docket No. 91 at 8-9). *See also Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (a plaintiff can establish a custom by showing a course of conduct by municipal officials that, although not formally authorized, "is so widespread as to have the force of law"); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

And Plaintiff's assertions that Dubnansky (a) "was responsible for identifying, condemning and demolishing structures" and (b) made guidelines for, explained and oversaw demolition procedures do not suffice to evidence either a causal "municipal policy" made by "a decision maker possessing final authority" nor a constitutional violation for which Defendant's actual final policymaker delegated authority or which it ratified. (Docket No. 99 at 3-4; Docket No. 91 at 9-10). *See also* Docket No. 105 at 7-9; *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir.1990) (a municipal policy is established when someone with final authority issues an "official proclamation, policy, or edict" on behalf of the municipality); *McGreevy v. Stroup*, 413

---

[1] Under the *Monell* doctrine, "[a] municipality is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation." *Mann v. Palmerton Area Sch. Dist.*, 872 F.3d 165, 174-75 (3d Cir. 2017) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)).

F.3d 359, 367 (3d Cir. 2005) (a claim may also arise where "an official with authority ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes").[2]

## ORDER

AND NOW, this 17th day of October, 2025, upon consideration of (a) the Report and Recommendation filed by United States Magistrate Judge Kezia O. L. Taylor on May 14, 2025, (Docket No. 91) recommending that Plaintiff's Motion for Summary Judgment against Defendant City of Johnstown (Docket No. 60) be denied, Defendant City of Johnstown's Motion for Summary Judgment (Docket No. 65) be granted, and Defendant City of Johnstown's crossclaims against the Johnstown Redevelopment Authority and G&R Excavating and Demolition Service, Inc., be rendered moot; (b) the Objections thereto filed by Plaintiff (Docket No. 99) and (c) Defendant City's Brief in Opposition (Docket No. 105); and after undertaking an independent review of the record, together with *de novo* consideration of the Magistrate Judge's aforesaid Report and Recommendation:

IT IS HEREBY ORDERED that Plaintiff's Objections [98] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation [91] is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [60] is DENIED, Defendant City of Johnstown's Motion for Summary Judgment [65] is GRANTED, and

---

[2] "A plaintiff must identify the challenged policy [or custom], attribute it to the [municipality] itself, and show a causal link between execution of the policy and the [Constitutional] injury suffered." *Kranson v. Valley Crest Nursing Home*, 755 F.2d 46, 51 (3d Cir. 1985). If the policy or custom does not violate federal law on its face, "causation can only be established by 'demonstrating that the municipal action was taken with deliberate indifference as to its known or obvious consequence.'" *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (quoting *Board of Cty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. at 404).

Defendant City of Johnstown's crossclaims against the Johnstown Redevelopment Authority and G&R Excavating and Demolition Service, Inc., are rendered moot.

An appropriate Judgement follows.

<u>*s/Nora Barry Fischer*</u>
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf:  All counsel of record
Magistrate Judge Kezia O. L. Taylor